UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-164-H

RANDALL SCOTT WALDMAN, RW LIMITED, CO.,             APPELLANTS
STONE MACHINE AND FABRICATION, LLC,
INTEGRITY MANUFACTURING, LLC

V.

RONALD B. STONE                                                       APPELLEE

**MEMORANDUM OPINION AND ORDER**

This action is an appeal from an adversary proceeding judgment of the United States Bankruptcy Court in favor of Ronald B. Stone ("Stone"). The Honorable Joan A. Lloyd found Appellants Randall Waldman, RW Limited, Co., and Stone Machine and Fabrication, LLC (the "Waldman Entities")[1] and co-defendant Bruce Atherton ("Atherton") jointly and severally liable for breach of fiduciary duty, fraud, civil conspiracy, breach of contract, unjust enrichment, promissory estoppel, fraudulent conveyance, and piercing the corporate veil[2] and awarded Stone $1,191,374 in compensatory damages and $2,000,000 in punitive damages. The Appellants also appeal the Bankruptcy Court's denial of their Motion to Amend and Make Additional Findings of Fact and Amend Judgment under Federal Rule of Bankruptcy Procedure 7052 and 9023. For the reasons stated below, this Court affirms the decision of the Bankruptcy Court.

---

[1] Appellant Integrity Manufacturing, LLC filed a Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code on September 11, 2009. Therefore, Judge Lloyd's opinion did not address those claims against Integrity Manufacturing, LLC stayed under 11 U.S.C. 362. This opinion does not address any claims against Integrity Manufacturing, LLC.

[2] The legal malpractice claim against Atherton is not at issue in this appeal.

I.

The memorandum opinion of the Bankruptcy Court contains detailed factual findings which this Court need not replicate. However, the Court will briefly highlight the facts concerning Appellants. Stone was the sole owner of Stone, Tool and Machine ("STM"). When the company encountered financial troubles, Stone approached Atherton for assistance. Atherton introduced Stone to Randall Waldman ("Waldman"). At that time, STM had several outstanding loans with Fifth Third Bank. Stone had a second mortgage and tax lien on his personal residence and credit card debt related to business expenses. Stone and Waldman negotiated an agreement, and Atherton prepared for the closing. Stone believed that Waldman would pay off all of STM's and Stone's debts, including the credit card debt and tax liens, and, in return, Waldman would become 60% owner of a new company, Stone Machine and Fabrication, LLC ("SMF").

The actual transaction was significantly different. Most importantly, rather than pay the debt of Stone and STM, the Waldman Entities bought the liens and judgments against Stone and STM from Fifth Third bank. The Waldman Entities also acquired all of the property of STM and became the sole owner of the new business, SMF. Stone was to be a salaried employee of SMF for five years.

After the closing, Stone began working for SMF. Eventually, he learned that he had no ownership in the company and that he remained indebted to the Waldman Entities, rather than Fifth Third Bank. When Waldman hired a new president for SMF, Stone became upset and resigned from his position with the company.

Subsequently, the Waldman Entities attempted to collect on the liens and judgments purchased from Fifth Third Bank. Stone filed personal chapter 11 bankruptcy and, eventually,

filed this adversary proceeding against Atherton and the Waldman Entities. The Waldman Entities filed a counterclaim for the remaining judgment purchased from Fifth Third Bank. The Bankruptcy Court found for Stone on all claims and counterclaims. Subsequently, the Waldman Entities filed this appeal.

II.

This Court hears this appeal pursuant to 28 U.S.C. §158(a). A district court should not set aside the factual findings of a bankruptcy court "unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. "A factual finding is clearly erroneous where, although there is evidence to support that finding, 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Kalamazoo River Study Group v. Rockwell Int'l Corp.,* 274 F.3d 1043, 1047 (6th Cir. 2001) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)). The legal conclusions of the bankruptcy court are reviewed de novo. *In re Gardner,* 360 F.3d 551, 557 (6th Cir. 2004).

III.

The Bankruptcy Court found that the Waldman Entities committed fraud by falsely representing that they would pay off the debts of STM and Stone and that Stone would be a minority owner of the new entity, SMF. The Waldman Entities make two arguments contesting the Bankruptcy Court's finding of fraud.[3] First, they argue that the circumstances present a promise of future performance and are therefore "not actionable as a basis for fraud as a matter

---

[3] The Waldman Entities do question in their "[w]hether the Court erred by finding fraud in the absence of clear and convincing evidence?" Appellants' Br. 3. However, Appellants fail to establish that the factual findings of the Bankruptcy Court are clearly erroneous.

3

of law." Appellants' Br. 23. Next, they say that if any fraud occurred, it was subject to a higher fraud by omission standard. Appellants' Br. 29-30.

Appellants rely heavily on the language in *Radioshack Corp. v. Comsmart, Inc.* to claim that any alleged promises of minority ownership or relief from debts are not actionable. 222 S.W.3d 256 (Ky. App. 2007). Specifically, the Kentucky Court of Appeals stated, "For a declarant's misrepresentation to be used as the basis for fraud, it must relate to an existing or past fact." *Id.* At 262. However, the *Radioshack* court when on to state, "If the alleged misrepresentation relates to a future promise or an opinion of a future event, then it is not actionable;" one of the non-actionable promises in *Radioshack* related to speculation on the future performance of a franchise, while the other non-actionable promise was disclaimed by the franchise agreement. *Id.* Another Kentucky Court of Appeals case suggests this prohibition on "future promises" relates more to "predictions" and promises disclaimed in writing, not to the actual terms of a contract. *Rivermont Inn, Inc. v. Bass Hotels & resorts, Inc.,* 113 S.W.3d 636, 640 (Ky. App. 2003) (stating that "the statement is a prediction, not a statement of present or past material fact" and "a party may not rely on oral representations that conflict with written disclaimers to the contrary which the complaining party earlier specifically acknowledged in writing"). Furthermore, Appellants also rely on *Hunt Enterprises, Inc. v. John Deere Industrial Equipment Co.,* a case which plainly states, "In Kentucky, a statement as to future conduct may only form the basis for a misrepresentation claim it if is made to induce the other party to enter into the contract." 18 F.Supp.2d 697, 702 (W.D. Ky. 1997). Here, the Bankruptcy Court found that the Waldman Entities falsely represented the terms of the contract so that Stone would complete the May 2005 transaction.

4

Appellants also argue that Waldman made no affirmative misrepresentations and that the Bankruptcy Court applied the incorrect standard for finding fraud. The Appellants focus on the promise that Stone would be a 40% owner of the new entity. However, Stone also understood that STM's debts as well as his personal debts related to the business would be paid by the Waldman Entities. While Appellants point to several of Stone's comments regarding part ownership of SMF that were uncorrected by Waldman, they fail to mention other evidence suggesting that Waldman made comments to Stone regarding part ownership of SMF and paying off Stone's and STM's debts. (*See, e.g.,* Trial Transcript, Vol. 1, p. 37, p. 53-54; Vol. 2, p. 240-41). The Bankruptcy Court stated that "[f]ew cases have been presented to this Court with stronger evidence of fraud by clear and convincing evidence." Appellants have not presented sufficient evidence suggesting either that this conclusion is unreasonable or that it was based solely on Waldman's omissions.

IV.

Next, the Waldman Entities argue that to consider the oral statements and negotiations between Waldman and Stone violates both the parol evidence rule and the statute of frauds. However, fraud creates an exception to both the statute of frauds and the parol evidence rule. *See, e.g., United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 471 (Ky. 1999) (stating, "The Kentucky statute of frauds contained in KRS 371.010(7) is inapplicable to this case because the statute was intended to prevent and not facilitate fraudulent conduct."); *Hanson v. American Nat'l Bank & Trust Co.,* 865 S.W.2d 302, 308 (Ky. 1993) (stating "our statutes do not abrogate the common law remedy for fraud merely because the fraudulent misrepresentation is not in writing"), overruled on other grounds; and *Radioshack Corp.,* 222 S.W.3d at 260 (stating

5

"[p]arol evidence is admissible to show that the making of the contract was procured by fraudulent representations").

Since evidence of the oral contract was admissible, the Bankruptcy Court was able to consider the oral statements between Waldman and Stone and decide they created a valid contract. This oral contract was breached, or, in the alternative, the oral fraudulent misrepresentations allowed for a finding of unjust enrichment or promissory estoppel. By finding that the oral contract was valid and enforceable, the Bankruptcy Court could find Waldman owed Stone a fiduciary duty as a business partners.[4]

Appellants contest the Bankruptcy Court's conclusions with regards to civil conspiracy, fraudulent conveyance and piercing the corporate veil. However, the Waldman Entities have not developed the arguments that these conclusions were based on clearly erroneous facts or improper legal conclusions. The Court, therefore, finds no reason to disturb the conclusion of the Bankruptcy Court on these issues.

V.

Last, Appellants argue that the compensatory and the punitive damages are legally invalid due to the absence of reliable, substantial evidence. The Bankruptcy Court based its compensatory damage award upon appraisals in the record. Nothing suggests that this evidence is unreliable or insufficient. The punitive damage award, approximately twice that of the compensatory damages award, is within the acceptable boundaries for such awards. *See State*

---

[4]Appellants make much of the fact that, though a partnership can be created in many ways, the oral statements of the parties that the Bankruptcy Court enforced actually established a majority and minority shareholder relationship within a corporation. Regardless, a majority shareholder owes fiduciary duties to minority shareholders. *See United States v. Byrum,* 408 U.S. 125, 137 (1972) (stating "[a] majority shareholder has a fiduciary duty not to misuse his power by promoting his personal interests at the expense of corporate interests.").

*Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (stating "few awards exceeding a single digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.").

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the decision of the Bankruptcy Court is AFFIRMED.

This is a final order.

cc: Counsel of Record

7