UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-164-H

RANDALL SCOTT WALDMAN,
RW LIMITED CO.,
STONE MACHINE AND FABRICATION, LLC,
INTEGRITY MANUFACTURING, LLC          APPELLANTS

V.

RONALD B. STONE          APPELLEE

**MEMORANDUM OPINION AND ORDER**

On November 22, 2010, this Court affirmed a decision of the Bankruptcy Court awarding a judgment in favor of Ronald Stone against Randall Waldman, RW Limited Co., Stone Machine and Fabrication, LLC, and Bruce Atherton, jointly and severally in an amount in excess of $3 million. Appellants have filed a timely appeal to the Sixth Circuit Court of Appeals. Subsequently, Stone has partially executed on his judgment. Now, Appellants seek to stay enforcement of that judgment based upon the recent Supreme Court pronouncement in *Stern v. Marshall*, 131 S.Ct. 2594; _____ U.S._____ (June 23, 2011).

In *Stern*, the Supreme Court held that the Bankruptcy Court lacked the constitutional authority to enter a judgment on a state law tortious interference claim which was "not resolved in the process of ruling on a creditor's proof of claim." *Id.* at 2620. Although the full ramifications of this decision are not entirely clear, the Court seemed to be saying that the claims at issue in *Stern* did not fit in any of the categories of claims properly assigned to legislative courts by Congress. *See id.* at 2610.

Stone's adversary proceedings at issue here appear to be much more closely related to the

bankruptcy proceedings than the adversary proceedings of the bankrupt in *Stern,* where the bankrupt sought to collect an inheritance expectancy from her deceased husband. That claim seems particularly unrelated to core bankruptcy proceedings. Here, Stone's claims are more likely intimately related to creditors' claims to the bankruptcy estate.

Appellants could have raised this issue with this Court, but did not do so. In *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50 (1982), the Supreme Court set forth some of the same basic legal principles which it has expanded upon in *Stern*. Moreover, on March 19, 2010, the Ninth Circuit issued its opinion in which the Supreme Court ultimately adopted and affirmed in large measure. *See Marshall v. Stern,* 600 F.3d 1037 (9th Cir. 2010). Thus, the availability of the argument was certainly known.

Given that "there is an 'arguable basis' that jurisdiction exists[s]," this Court cannot see a compelling reason for staying its previous order. *United States v. Menichino,* 172 F.3d 50 (6th Cir. 1998) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)).

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Appellants' motion to stay enforcement of the prior judgment pending appeal is DENIED.

cc: Counsel of Record